# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-508V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
|   |   |   |
|---|---|---|
| | * | |
| MICHAEL BARTON, *administrator of the* | * | |
| *Estate of LINDA BARTON, deceased,* | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: November 16, 2017 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs; |
| | * | Reasonable Hourly Rate. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Lawrence R. Cohan,* Anapol Weiss, Philadelphia, PA, for Petitioner.

*Lara Ann Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On April 26, 2016, Linda Barton filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of her October 3, 2013, receipt of the influenza vaccine. The parties filed a stipulation for damages on May 2, 2017 (ECF No. 30), which was adopted by decision on May 4, 2017. ECF No. 31.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be made public in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs ("Fees App."), dated August 25, 2017. *See* Fees App. (ECF No. 36). Respondent filed a response on August 29, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 37 at 2-3.

Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $39,763.50. Fees App. at 2. This amount represents $8,680.00 billed by Larry Cohan ($400/hr for 21.7 hours), $25,249.50 by David Carney ($275/hr for 27.7 hours and $290/hr for 60.8 hours), $1,080.00 by the firm's paralegal ($135/hr for 8 hours), and $4,754.00 in costs. *Id.* at 1-2. Although a General Order No. 9 statement was not formally filed, Petitioner's counsel affirmatively asserted that "Petitioner has not advanced any funds in the prosecution of his claim as all expenses have been incurred by the attorney of record." *Id.* at 2. Thus, such individual expenses are hereby waived.

The total amount of attorney's fees requested for Mr. Cohan are reasonable and in keeping with the decisions of other special masters. *Gannuscio v. Sec'y of Health & Human Servs.,* No. 15-344, 2017 WL 1228701, at *2 (Fed. Cl. Spec. Mstr. March 7, 2017). The hourly rate requested is also consistent with my prior determinations. *See Marquis v. Sec'y of Health & Human Servs.*, No. 15-659V, 2017 WL 2461372, at *1 (Fed. Cl. Spec. Mstr. Apr. 25, 2017); *see also Kelley v. Sec'y of Health & Human Servs.,* No. 14-505V, 2016 WL 1594008, at *1 (Fed. Cl. Spec. Mstr. March 29, 2016). I therefore award Mr. Cohan's fees in their entirety.

In regard to Mr. Carney's hourly rates, Petitioner cites *Grannuscio* in "accept[ing] the hourly rate of $275 for all work performed before September 2016 and a rate of $290 for all work performed after September 2016." Fees App at 4. Mr. Carney has engaged in the practice of law for seven years, and, more specifically, has been practicing in the Vaccine Program for seven years. *Id*. at 3. Consistent with my decision in *Marquis*, however, I will reduce the requested hourly rate of Mr. Carney from $290 to $275 for work performed in 2016.[3] This results in a reduction of $775.50.[4] In regard to Mr. Carney's 2017 hourly rate, I find that $290 per hour is reasonable, and

---

[3] In exercising my discretion, I award hourly rates based on the calendar year rather than the month, and thus will award Mr. Carney $275 for any work performed in 2016, rather than based on some fiscal year determination.

[4] The reduced amount was calculated by subtracting $24,474 (represents $21,835.00 earned in 2014-2016 plus $2,639.00 earned in 2017) from Mr. Carney's requested amount ($25,249.50). The award summary of Mr. Carney is as follows:

2014-2016: 79.4 hours x $275 = $21,835.00

2017:      9.1 hours x $290  = $2,639.00

Total:                    $24,474.00

2

such amount reflects a rate that falls within the ranges established by *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for an attorney of Mr. Carney's experience.

Petitioner next requests $135 per hour for paralegal work performed in 2014-2016. Consistent with *Marquis* and *Kelley*, however, I will award only $125 per hour for paralegal work performed in 2014-2015. This results in a $43.00 reduction.[5] In regard to the 2016 hourly paralegal rate, Petitioner proposes that the $125 per hour rate be increased to $135 per hour, which represents a $10.00 increase. According to the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule ("Fee Schedule"), paralegals are entitled to $125 – $145 per hour of work performed in calendar year 2016.[6] I find that $135.00 per hour is reasonable compensation for paralegal work in 2016. Paralegal work was not performed in 2017 so I decline to address a paralegal rate for 2017. *See* Fees App. 7-8.

After applying the reductions stated above, the total award is $38,945.00, to be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Lawrence Cohan, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[7]

        **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] The reduced amount was calculated by subtracting $1,037 (represents $537.50 earned in 2014-2015 plus $499.50 earned in 2016) from the requested amount ($1,080). The award summary for paralegal fees is as follows:

2014-2015: 4.3 hours x $125 = $537.50

2016: 3.7 hours x $135 = $499.50

Total: $1,037.00

[6] *See* Fee Schedule, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last accessed Nov. 15, 2017). The hourly rates contained in the Fee Schedule are from the *McCulloch* decision. *See McCulloch*, 2015 WL 5634323.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.